IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANDRE LAMONT GODDARD, JR**
5333 Connecticut Ave NW Apt 13
Washington, DC 20015

    *Plaintiff,*

  v.

**CITY UNIVERSITY OF SEATTLE**
521 Wall Street
Seattle, WA 98121-1851

    *Defendant*.

Civil Action No. 1:25-CV-1881

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, City University of Seattle ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the case styled *Andre Lamont Goddard, Jr. v. City University of Seattle*, Case No. 2025-CAB-003100, currently pending in the Superior Court of the District of Columbia, Civil Division (the "Superior Court Action"), to the United States District Court for the District of Columbia. As grounds for removal, Defendant states as follows:

**I.**   **REMOVAL IS TIMELY**

1. On or about May 13, 2025, Plaintiff filed a Complaint with the Superior Court for the District of Columbia, Civil Division, initiating the Superior Court Action. Plaintiff's Complaint alleges violations of the D.C. Human Rights Act §2-1401.01 *et seq.,* (the "DCHRA"), The D.C. Consumer Protection Procedures Act §28-3901*et seq.*, (the "DCCPPA"), and Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act.

2. Defendant has not been properly served with a copy of the Complaint; however, Defendant learned of the Complaint on or about May 28, 2025, via an electronic communication

from Plaintiff. Defendant thereafter accessed the Complaint through the District of Columbia's Superior Court online portal on May 29, 2025.

3. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days upon learning of the allegations contained in the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of each paper filed or served in the Superior Court Action is attached as **Exhibit A**. No further proceedings have occurred in the Superior Court Action. **Exhibit B** is a true and correct copy of the Superior Court Action docket as of the date of this filing.

5. Written notice of the removal to the Federal court of the Superior Court Action is being provided to Plaintiff as required by 28 U.S.C. § 1446(d).

6. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, as required by law.

## II. THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS

7. A civil action brought in a State court may be removed by a defendant to a federal District Court if the District Court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The Superior Court for the District of Columbia is considered a "State court" within the District of Columbia. *See* 28 U.S.C. § 1451. The District of Columbia is considered a State for purposes of removal. *See* 28 U.S.C. § 1451. Therefore, venue is proper in the United States District Court for the District of Columbia.

8. This Court possesses original (federal question) jurisdiction over Plaintiff's retaliation and discrimination claims pursuant to 28 U.S.C. § 1331, which gives the Court "original jurisdiction over all civil actions arising under the laws of the United States."

9. Plaintiff asserts that Defendant has discriminated and retaliated against them on

the basis of their disability in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. These statutes fall squarely into this Court's jurisdiction under 28 U.S.C. § 1331.

### III. THE COURT POSSESSES DIVERSITY JURISDICTION OVER THIS LAWSUIT

10. This Court's diversity jurisdiction is established by 28 U.S.C. § 1332(a), which requires the Plaintiff and Defendant to be domiciled in different states, and the amount in controversy to exceed the sum of $75,000. Plaintiff is a citizen of the District of Columbia who resides at 5333 Connecticut Ave NW, Washington, D.C. (*See* Complaint, Caption). Defendant is a Washington state Non-Profit Corporation organized and existing under the laws of the State of Washington with a principal place of business in the State of Washington. **Exhibit C,** Washington State Corporations Filing System Business Information.

11. Plaintiff seeks over $1,000,000 in declaratory, injunctive, and compensatory relief.

12. Therefore, the parties are diverse, the amount in controversy is sufficient, and removal is proper.

13. Additionally, the state law claims are also removable to this Court under 28 U.S.C. § 1441(c), which establishes this Court's supplemental jurisdiction. State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact... such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V.* Gibbs, 383 U.S. 715, 725 (1966).

14. Here, the Plaintiff's state claims all arise out of the same common nucleus of operative fact. Mainly, these claims stem from the Plaintiff's enrollment at the Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367.

## **CONCLUSION**

WHEREFORE, Defendant files this Notice of Removal and respectfully requests that this Court exercise original jurisdiction over this action so that the entire court action styled *Andre Lamont Goddard v. City University of Seattle*, Case No. 2025-CAB-003100, now pending in the Superior Court of the District of Columbia is removed to this Court for all further proceedings.

Dated: June 13, 2025                           Respectfully submitted,

*/s/ Matthew W. Brown*
James J. Murphy (DDC Bar No. 450432)
Matthew W. Brown (DDC Bar No. 90014830)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, Suite 1000
Washington, D.C. 20006
Tel.: (202) 887-0855
Email: james.murphy@ogletree.com
Email: matthew.brown@ogletree.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, I filed the foregoing via the Court's electronic filing system and that a copy was served via electronic mail and first-class mail, postage prepaid, to the following:

>Andre L. Goddard, Jr.
>5333 Connecticut Ave NW, Apt. 13
>Washington, DC 20015
>(917) 855-8033
>Email : alg164@georgetown.edu
>
>*Pro Se Plaintiff*

>/s/ Matthew W. Brown
>Matthew W. Brown
>
>*Counsel for Defendant*